UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

DEWEY ADMIRAL FANNING, III,
          *Defendant-Appellant.*

No. 01-4932

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CR-01-49)

Submitted: May 29, 2002

Decided: June 26, 2002

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John A. Coggeshall, Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, James Ashford Metcalfe, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Dewey Admiral Fanning appeals his conviction and 115 month sentence, imposed after a jury trial for possession of a firearm or ammunition by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 2000). Finding no reversible error, we affirm.

Fanning first contends the district court erred in denying his suppression motion. This court reviews the factual findings underlying a motion to suppress for clear error, while reviewing the legal determinations de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). Reviewing the evidence in the light most favorable to the government, *see United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998), we find that at the time of Fanning's seizure, police at the very least had reasonable suspicion that criminal activity was afoot. *See Terry v. Ohio*, 392 U.S. 1 (1968). Consequently, the court properly denied Fanning's suppression motion.

Fanning next contends the district court erred by enhancing his sentencing guidelines range pursuant to *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(4) (2000). This court conducts de novo review of legal interpretation of the Guidelines and reviews the underlying factual findings for clear error. *United States v. Williams*, 977 F.2d 866, 869 (4th Cir. 1992); *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). We find no error with the district court's application of the enhancement.

Next, Fanning contends the district court erred by admitting into evidence a loaded gun magazine, which policed seized from him at the time of arrest. Although Fanning's counsel filed a pretrial motion to exclude the magazine and ammunition, the trial court never ruled on the motion and counsel failed to object to the admission of the items at trial. Thus, Fanning is limited to arguing that admission of the items was plain error. *See United States v. Williams*, 81 F.3d 1321, 1325 (4th Cir. 1996). A careful review of the record establishes sufficient proof that the evidence was what it purported to be and was

not altered in any material aspect. Thus, we find this claim to be without merit.*

Finally, Fanning contends the district court improperly instructed the jury. Because Fanning did not object to the district court's jury instructions, this court only reviews the instructions for plain error. *See United States v. Nicolaou*, 180 F.3d 565, 569 (4th Cir. 1999); Fed. R. Crim. P. 30. Finding none, we affirm.

Accordingly, Fanning's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*Fanning's counsel makes several allegations of Government misconduct, which he claims form a foundation for his complaint regarding the admission of the magazine and ammunition. Our review of the record shows these allegations are, at best, unsupported by the record, and at worst, disingenuous.